FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 19, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BERNADINO DWITE HAMILTON,<br><br>Defendant. | No. 2:25-CR-00119-TOR-1<br><br>ORDER FOLLOWING INITIAL APPEARANCE AND ARRAIGNMENT ON INDICTMENT AND GRANTING THE UNITED STATES' MOTION FOR DETENTION<br><br>**MOTION GRANTED**<br>**(ECF No. 10)** |

On August 18, 2025, the Court held a hearing for Defendant BERNADINO DWITE HAMILTON's initial appearance and arraignment based on an Indictment. Defendant appeared in custody represented by Intern Knox Hammack, supervised by Assistant Federal Defender Justin Lonergan. Intern Enrique Fuller-Avalos, supervised by Assistant U.S. Attorney Ann Wick represented the United States. U.S. Probation Officer Patrick Dennis was also present.

Defendant was advised of, and acknowledged, his rights. The Court entered a plea of not guilty to the Indictment on Defendant's behalf. The Office of the Federal Defenders of Eastern Washington and Idaho was appointed to represent the Defendant in this matter.

ORDER - 1

The United States sought Defendant's detention.  **ECF No. 10**.  Defendant, personally and through counsel, waived his right to a detention hearing but reserved the right to revisit the issue of detention should circumstances change.

Accordingly, **IT IS ORDERED:**

1. The United States' Motion for Detention, **ECF No. 10**, is **GRANTED**.  Defendant shall be held in detention pending disposition of this case or until further order of the Court.  Defendant is committed to the custody of the U.S. Marshal for confinement separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  Defendant shall be afforded reasonable opportunity for private consultation with counsel.

2. If a party seeks reconsideration of Defendant's detention before this Court because of material and newly discovered circumstances pursuant to 18 U.S.C. § 3142(f), any such motion shall be a maximum of four-pages in length and shall succinctly state what circumstances are new, how they are established, and the requested change in conditions of release.  The motion shall indicate whether opposing counsel; United States Probation/Pretrial Services; or another party with a substantial interest in the motion objects, whether a hearing is desired, and whether a supplemental pretrial services report is requested.  If the moving party, after the exercise of due diligence, is unable to determine the position of any party listed above, the moving party may in the alternative document the date; time; and manner of each effort made to determine that party's position and request the Court treat the motion as expedited and submitted without argument.  **Motions in Spokane cases shall be heard as set by the Spokane Magistrate Judge Courtroom Deputy.  Yakima cases shall be heard on the following Wednesday docket**, **and Richland cases shall be heard on the following Thursday docket.**  If the Court determines that oral argument is unnecessary on the motion, the motion shall be set for decision on the Court's 6:30 p.m. docket.

ORDER - 2

3. If necessary, the United States Probation/Pretrial Services Office is authorized to prepare a supplemental pretrial services report and shall notify defense counsel prior to interviewing Defendant. If Defendant does not wish to be interviewed, that Office shall prepare said report using any information it deems relevant to the issue of detention.

4. The Court directs the parties to review the Local Criminal Rules: https://www.waed.uscourts.gov/court-info/local-rules-and-orders/general-orders

5. Pursuant to F. R. Crim. P. 5(f) and LCrR 16(a)(6), at arraignment or within 14 days thereafter, the Government is required to disclose evidence favorable to the defendant and material to the defendant's guilt or punishment to which defendant is entitled pursuant to *Brady v. Maryland,* 373 U.S. 83 (1963) and its progeny. This is a continuing duty for newly discovered evidence. LCrR 16(c). Pursuant to F. R. Crim. P. 16(d)(2), failure to comply may result in an order permitting the discovery or inspection; granting a continuance; or any other order that is just under the circumstances (including sanctions, dismissal, exclusion of evidence or witnesses).

6. If a party desires that another court review this Order pursuant to 18 U.S.C. § 3145, that party shall promptly file a motion for review before the district judge to whom the case is assigned, as further described in the Detention Order Review Protocol published for the Eastern District of Washington. Both parties shall cooperate to ensure that the motion is promptly determined.

**IT IS SO ORDERED.**

DATED August 19, 2025.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 3